

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California
by: Cindy Hernandez, Deputy Clerk
Date: 6/14/2021

**UNITED STATES JUDICIAL PANEL  
on  
MULTIDISTRICT LITIGATION**

IN RE: GOOGLE PLAY STORE SIMULATED  
CASINO-STYLE GAMES LITIGATION       MDL No. 3001

**TRANSFER ORDER**

**Before the Panel:**[*] The actions in this litigation concern casino-style apps in the Google Play Store that allegedly involve unlawful gambling by allowing users to purchase virtual coins or coin-like objects for the chance to win more playing time. Plaintiffs in four actions moved under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California. At that time, the actions on the motion were pending in four districts – the Northern District of Alabama (*Valencia-Torres*), the Northern District of New York (*Brown*), the District of New Mexico (*Montoya*), and the Southern District of Mississippi (*Smith*). Plaintiffs in *Montoya* and *Smith* then voluntarily dismissed their actions without prejudice, leaving the Northern District of Alabama and Northern District of New York actions, as listed on Schedule A, subject to the motion for centralization. Plaintiffs in the dismissed actions later refiled in the District of New Mexico and the Southern District of Mississippi, and designated the refiled actions as potential tag-along actions. Additionally, the Panel has been notified of ten related actions pending in three additional districts – the Northern District of California, the Northern District of Ohio, and the Western District of Washington.[1]

Plaintiffs in one Northern District of California potential tag-along action (*Andrews*) agree that transfer of the actions to the Northern District of California for coordinated pretrial proceedings is appropriate but assert that transfer should be effectuated by (1) expanding the scope of an existing MDL – *In re Apple App Store Simulated Casino-Style Games Litig.,* MDL No. 2985, __ F. Supp. 3d __, 2021 WL 1221532 (J.P.M.L. Mar. 30, 2021) – to include actions involving casino-style games against "similarly situated defendants" comparable to Apple; (2) renaming MDL No. 2985 "*In re Simulated Casino-Style Games Litigation*"; and (3) transferring the actions on Schedule A, which involve the Google Play Store, to that expanded MDL. At oral argument, movants and plaintiff in the Northern District of Ohio potential tag-along action joined in the *Andrews* plaintiffs' proposal.

Common defendants Google LLC and Google Payment Corp. (together, "Google") support

---

[*] Judge Nathaniel M. Gorton did not participate in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

the motion to centralize this litigation in the Northern District of California, and at oral argument, opposed the *Andrews* plaintiffs' proposed expansion of the *Apple* MDL to include Google.

On the basis of the papers filed and the hearing session held,[2] we find that these actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions arising from the allegation that Google, through the Google Play Store, promotes, facilitates, and profits from simulated casino-style games that involve gambling in violation of state laws. Plaintiffs in all actions allege that casino-style app games in the Google Play Store, such as slots, poker, blackjack, and bingo, allow users to purchase virtual coins or coin-like objects to play for the chance to win more playing time and that paying money for the chance to win more playing time constitutes unlawful gambling. The complaints also include the same list of the 200 "most downloaded" casino-style games in the Google Play Store as among the games at issue. Common factual questions include: (1) the nature of the game play within the same 200 or more involved apps and the function of in-app purchases; (2) the nature of Google's relationship with the third-party app developers, including Google's process for reviewing and publishing apps; (3) Google's financial arrangements for distributing app-based revenue from the games; and (4) Google's alleged promotion of the apps. The record indicates that there will be significant overlap in dispositive motions and discovery on third-party app developers. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.[3]

We decline the request of the *Andrews* plaintiffs to expand MDL No. 2985, which involves many of the same casino-style games but focuses on the alleged role of Apple and its App Store in their distribution. In *Apple*, we ordered centralization based on the common factual issues concerning Apple's alleged role in facilitating gambling in certain kinds of casino-style games, in contrast to, more broadly, the roles of any and all distributors of online casino-style games. *See* 2021 WL 1221532, at *1 ("These putative class actions present common factual questions arising from the allegation that *Apple, through its App Store*, promotes, facilitates, and profits from simulated casino-style games that involve gambling in violation of state laws.") (emphasis added). Although the casino-style games at issue in the Google actions appear to be largely the same games, the factual questions concerning Google's conduct in promoting the games – and its

---

[2] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 27, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 3001 (J.P.M.L. May 10, 2021).

[3] The overlapping class certification issues, for example, present complexities that warrant centralization. Of the 12 related actions (including potential tag-along actions), five actions are on behalf of state-specific classes that cover all casino-style apps in the Google Play Store, including at least the 200 "most downloaded" apps listed in those complaints; two actions are on behalf of a putative nationwide class that overlap with those state-specific classes but only as to one subset of games (slot machine apps); one action is on behalf of a nationwide class as to one app by app developer Bagelcode; and four actions are on behalf of putative multi-state classes covering 25 states, but are limited to casino-style apps developed by other enumerated app developers.

contracts with app developers – appear to be distinct from Apple's conduct and contracts. Additionally, expanding the *Apple* MDL on the present record would be problematic because the *Andrews* plaintiffs filed their brief after the close of the briefing schedule in this matter, and there is no indication that Apple was served with their brief; thus, Apple has not had an opportunity to be heard on that issue.[4] Indeed, even Google and movants were precluded from briefing the *Andrews* plaintiffs' proposal due to the timing of its submission. We do not change the scope of an MDL lightly,[5] and decline to do so here where the matter has not been fully briefed. Moreover, any concerns about efficiently managing potential overlap in the Google and Apple actions can be addressed by having the same transferee judge oversee both MDLs, as will happen here.

We conclude that the Northern District of California is the appropriate transferee district for this litigation. Defendant Google has its headquarters in this district, and thus much of the common evidence likely is located there. Additionally, as noted above, MDL No. 2985, involving casino-style games sold in Apple's App Store, is pending in this district before Judge Edward J. Davila. The present actions against Google involve many of the same games and raise similar legal claims. Thus, Judge Davila, to whom we assign this litigation, is well-positioned to coordinate any overlapping pretrial proceedings. In keeping with our longstanding practice, we leave the degree of coordination between this MDL and MDL No. 2985 to the sound discretion of the transferee judge.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Edward J. Davila for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Karen K. Caldwell_
Chair

Catherine D. Perry   Matthew F. Kennelly
David C. Norton      Roger T. Benitez
Dale A. Kimball

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California
by: Cindy Hernandez
Deputy Clerk
Date: 6/14/2021

---

[4] At oral argument, counsel for Google stated that Apple opposes inclusion of the Google actions in MDL No. 2985.

[5] *See In re Generic Digoxin & Doxycycline Antitrust Litig.*, 222 F. Supp. 3d 1341, 1344 (J.P.M.L. 2017).

**IN RE: GOOGLE PLAY STORE SIMULATED
CASINO-STYLE GAMES LITIGATION**                MDL No. 3001

## SCHEDULE A

    <u>Northern District of Alabama</u>

VALENCIA−TORRES v. GOOGLE LLC, ET AL., C.A. No. 2:20−01651

    <u>Northern District of New York</u>

BROWN v. GOOGLE, LLC, ET AL., C.A. No. 8:20−01311